No. 23-2948

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

DYSON TECHNOLOGY LIMITED,
Plaintiff-Appellant,
v.

DAVID 7 STORE, et al.,
Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Illinois
Case No. 22 CV 5936
The Honorable Judge Steven C. Seeger

# BRIEF OF PLAINTIFF-APPELLANT
# DYSON TECHNOLOGY LIMITED

Justin R. Gaudio
Lawrence J. Crain
Jake M. Christensen
Andrew D. Burnham
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tel: (312) 360.0080
Fax: (312) 360.9315

*Counsel for Plaintiff-Appellant*
*Dyson Technology Limited*

**ORAL ARGUMENT REQUESTED**

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

(1)      The full name of every party that the attorney represents in the case:

**Dyson Technology Limited**

(2)      The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court.

**Greer, Burns & Crain Ltd.**

(3)(i)   All parent corporations:

**Dyson UK Holdings Ltd**

(3)(ii)  Any publicly held company that owns 10% or more of the party's or amicus' stock:

**No publicly held company owns 10% or more of the party's stock.**

(4)      Provide information required by FRAP 26.1(b)          **N/A**

(5)      Provide debtor information required by FRAP 26.1 (c) 1 & 2          **N/A**

Attorney's Signature:  s/Justin R. Gaudio          Date:  **11/20/2023**

Attorney's Printed Name:  **Justin R. Gaudio**

Counsel of Record pursuant to Circuit Rule 3(d)          Yes  **_X_**

Address:  **300 S. Wacker Drive, Suite 2500, Chicago, Illinois 60606**

Phone Number: **(312) 360-0080**          Fax Number: **(312) 360-9315**

E-mail Address:  **jgaudio@gbc.law**

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

(1)     The full name of every party that the attorney represents in the case:

**Dyson Technology Limited**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court.

**Greer, Burns & Crain Ltd.**

(3)(i)  All parent corporations:

**Dyson UK Holdings Ltd**

(3)(ii) Any publicly held company that owns 10% or more of the party's or amicus' stock:

**No publicly held company owns 10% or more of the party's stock.**

(4)     Provide information required by FRAP 26.1(b)        **N/A**

(5)     Provide debtor information required by FRAP 26.1 (c) 1 & 2       **N/A**

Attorney's Signature:  s/Lawrence J. Crain          Date:  **11/20/2023**

Attorney's Printed Name:  **Lawrence J. Crain**

Counsel of Record pursuant to Circuit Rule 3(d)          No **_X_**

Address:  **300 S. Wacker Drive, Suite 2500, Chicago, Illinois 60606**

Phone Number: **(312) 360-0080**                 Fax Number: **(312) 360-9315**

E-mail Address:  **lcrain@gbc.law**

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

(1)     The full name of every party that the attorney represents in the case:

**Dyson Technology Limited**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court.

**Greer, Burns & Crain Ltd.**

(3)(i)   All parent corporations:

**Dyson UK Holdings Ltd**

(3)(ii)  Any publicly held company that owns 10% or more of the party's or amicus' stock:

**No publicly held company owns 10% or more of the party's stock.**

(4)     Provide information required by FRAP 26.1(b)          **N/A**

(5)     Provide debtor information required by FRAP 26.1 (c) 1 & 2          **N/A**

Attorney's Signature:  s/Jake M. Christensen          Date:  **11/20/2023**

Attorney's Printed Name:  **Jake M. Christensen**

Counsel of Record pursuant to Circuit Rule 3(d)          No **_X_**

Address:  **300 S. Wacker Drive, Suite 2500, Chicago, Illinois 60606**

Phone Number: **(312) 360-0080**          Fax Number: **(312) 360-9315**

E-mail Address:  **jchristensen@gbc.law**

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

(1)      The full name of every party that the attorney represents in the case:

**Dyson Technology Limited**

(2)      The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court.

**Greer, Burns & Crain Ltd.**

(3)(i)  All parent corporations:

**Dyson UK Holdings Ltd**

(3)(ii) Any publicly held company that owns 10% or more of the party's or amicus' stock:

**No publicly held company owns 10% or more of the party's stock.**

(4)      Provide information required by FRAP 26.1(b)          **N/A**

(5)      Provide debtor information required by FRAP 26.1 (c) 1 & 2          **N/A**

Attorney's Signature:  s/Andrew D. Burnham          Date:  **11/20/2023**

Attorney's Printed Name:  **Andrew D. Burnham**

Counsel of Record pursuant to Circuit Rule 3(d)          No _**X**_

Address:  **300 S. Wacker Drive, Suite 2500, Chicago, Illinois 60606**

Phone Number: **(312) 360-0080**          Fax Number: **(312) 360-9315**

E-mail Address: **aburnham@gbc.law**

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ............................................................... 1

STATEMENT OF THE ISSUES ................................................................ 2

STATEMENT OF THE CASE.................................................................... 3

    I.    BACKGROUND ON DYSON TECHNOLOGY LIMITED AND TRADEMARK

        COUNTERFEITING............................................................... 3

      i.    Dyson Technology Limited ......................................... 3

      ii.   The Offshore Counterfeiting Industry ....................... 4

    II.   DISTRICT COURT PROCEEDINGS ...................................... 5

SUMMARY OF ARGUMENT ................................................................. 8

ARGUMENT .......................................................................................... 9

    I.    STANDARD OF REVIEW .................................................... 9

    II.   DISTRICT COURT ERRED IN DECLINING TO AWARD DEFENDANTS' PROFITS

        PURSUANT TO 15 U.S.C. § 1117(A).................................. 9

CONCLUSION..................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.,*
    939 F.3d 905, 911-912 (7th Cir. 2019)......................................... 10, 11

*Boyd v. Ill. State Police,*
    384 F.3d 888 (7th Cir. 2004) ................................................. 9

*Louis Vuitton S.A. v. Lee,*
    875 F.2d 584, 588 (7th Cir. 1989)........................................... 9

*Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.,*
    316 U.S. 203, (1942) ......................................................... 10, 11

*Otis Clapp & Son, Inc. v. Filmore Vitamin Co.,*
    754 F.2d 738 (7th Cir. 1985) ................................................. 9

*Roulo v. Russ Berrie & Co.,*
    886 F.2d 931 (7th Cir. 1989)................................................. 9

*TY Inc. v. Softbelly's, Inc.,*
    353 F.3d 528 (7th Cir. 2003)................................................. 10, 11

*WMS Gaming Inc. v. WPC Prods. Ltd.,*
    542 F.3d 601 (7th Cir. 2008).............................................. 8, 10, 11

**Statutes**

15 U.S.C. § 1051........................................................................... 1

15 U.S.C. § 1117(a) .............................................................. passim

15 U.S.C. § 1117(c)(2) ............................................................... 8

28 U.S.C. § 1291........................................................................... 1

28 U.S.C. § 1294........................................................................... 1

28 U.S.C. § 1331........................................................................... 1

Fed. R. Civ. P. 4(f)(3) ............................................................... 6

Fed. R. Civ. P. 55(a) ................................................................... 6

## JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of Illinois has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1291 and 28 U.S.C. § 1294 confer jurisdiction over this appeal on the United States Court of Appeals for the Seventh Circuit. The Final Judgment Order was entered by the United States District Court for the Northern District of Illinois on August 29, 2023. [51]. Plaintiff-Appellant's Notice of Appeal was timely filed with United States District Court for the Northern District of Illinois on September 28, 2023. This appeal is from a final order or judgment that disposes of all parties' claims. This case is not a direct appeal from the decision of a magistrate judge.

## STATEMENT OF THE ISSUES

1. Whether the District Court erred in its interpretation of 15 U.S.C. § 1117(a) when it declined to award Plaintiff-Appellant profits from certain Defendants even though Plaintiff-Appellant proved, and the District Court accepted evidence of, Defendants' sales, and Defendants did not rebut such evidence or prove any costs or deductions?

<u>**STATEMENT OF THE CASE**</u>

The District Court action was filed by Plaintiff-Appellant Dyson Technology Limited ("Plaintiff-Appellant" or "Dyson") against e-commerce store operators trafficking counterfeit versions of products ("Defendants"). [*See generally* Compl., ECF No. 1]. This Appeal was filed by Plaintiff-Appellant after the District Court declined to award profits pursuant to 15 U.S.C. § 1117(a) following Plaintiff-Appellant's Motion for Entry of Default Judgment. [*See* Notice of Appeal, ECF No. 53; Motion for Default Judgment, ECF No. 46; Final Judgment Order, ECF No. 51].

## I. Background on Dyson Technology Limited and Trademark Counterfeiting

### i. Dyson Technology Limited

Founded in the United Kingdom in 1991, Dyson is a world-famous technology company that designs, manufactures and distributes hair care products, such as hair stylers and hair dryers, as well as a variety of other products (collectively, the "Dyson Products"). [Compl. ¶ 5, ECF No. 1]. Since its founding, Dyson has used and promoted the DYSON name and trademark in connection with the Dyson Products. [Compl. ¶ 6, ECF No. 1]. Dyson has continuously sold Dyson Products under the DYSON word mark and other trademarks (collectively, the "DYSON Trademarks") for years. [Compl. ¶ 6, ECF No. 1]. The U.S. registrations for the DYSON Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. [Compl. ¶ 9, ECF No. 1].

Dyson Products have become enormously popular, driven by the brand's arduous quality standards and Dyson Products' unique and innovative design.

[Compl. ¶ 12, ECF No. 1].  As a result, among the purchasing public, genuine Dyson Products are instantly recognizable as such.  [Compl. ¶ 12, ECF No. 1].  In the United States and around the world, the Dyson brand has come to symbolize high quality.  [Compl. ¶ 12, ECF No. 1].  Dyson has expended a significant amount of money and other resources advertising and promoting the DYSON Trademarks through virtually every media.  [Compl. ¶ 16, ECF No. 1].  As a result, products bearing the DYSON Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Dyson.  [Compl. ¶ 12, ECF No. 1].

The success of the Dyson brand has resulted in significant counterfeiting of Dyson's trademarks.  [Compl. ¶ 20, ECF No. 1].  In recent years, Dyson has identified many e-commerce stores offering counterfeit Dyson products to consumers in this Judicial District and throughout the United States.  [Compl. ¶ 20, ECF No. 1]. The distribution of counterfeit Dyson products poses a threat to Dyson's reputation for innovative and high-quality products under Dyson's trademarks. [Compl. ¶¶ 10-11, 37, ECF No. 1].

### ii.    The Offshore Counterfeiting Industry

The Seventh Circuit has recognized as far back as the 1980s that the sale of counterfeit merchandise is a massive worldwide problem.[1]  "Selling counterfeit and pirated goods through e-commerce is a highly profitable activity: production costs

---

[1] *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 588 (7th Cir. 1989).

are low, millions of potential customers are available online, [and] transactions are convenient . . ." [Compl. Ex. 4 at 11, ECF No. 1-4].

E-commerce sales allow for the distribution of counterfeits via a high volume of small packages, as opposed to large shipping containers. [Compl. Ex. 3 at 15, ECF No. 1-3]. This makes it harder for U.S. law enforcement authorities (such as U.S. Customs and Border Protection) to detect counterfeits entering into or circulating in the U.S. market; spreads the risk of detection (*i.e.* by both distribution route and across time); and lowers the losses suffered by distributors of counterfeit products because proportionally fewer of their counterfeit shipments are seized. [Compl. Ex. 3 at 15, ECF No. 1-3]. Counterfeit and pirated products account for billions of dollars in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses in the United States and broader economic losses, including lost tax revenue. [Decl. of Justin R. Gaudio ¶ 4, ECF No. 15]. The U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans found that "American enterprises have little recourse aside from initiating legal action against a particular vendor." [Compl. Ex. 4 at 20, ECF No. 1-4].

## II.  District Court Proceedings

Plaintiff-Appellant filed this action against Defendants on October 27, 2022 [Compl., ECF No. 1] and promptly moved for entry of a Temporary Restraining Order and other relief on November 7, 2022. [Motion for Entry of a Temporary Restraining Order, ECF No. 13; Motion for Electronic Service of Process, ECF No. 18]. On January 10, 2023, the District Court granted Dyson's *Ex Parte* Motion for

Entry of a Temporary Restraining Order and entered a Temporary Restraining Order (the "TRO"). [Temporary Restraining Order, ECF No. 23]. Defendant Nos. 12-134 were properly served pursuant to the TRO[2] on January 24, 2023, and Defendant Nos. 1-11 were properly served pursuant to the TRO on February 6, 2023. *See* [January 24, 2023, Executed Summons, ECF No. 30; February 6, 2023, Executed Summons, ECF No. 32]. On January 24, 2023, prior to the expiration of the TRO, Dyson moved for entry of a Preliminary Injunction against Defendants. [Motion for Entry of a Preliminary Injunction; ECF No. 28]. The District Court granted Dyson's motion and entered a Preliminary Injunction on August 14, 2023. [Preliminary Injunction, ECF No. 45].

On March 9, 2023, Dyson moved for entry of Default and Default Judgment against all Defendants. [March 9, 2023, Motion for Entry of Default and Default Judgment ("Default Motion"), ECF No. 34]. On August 14, 2023, the Court entered default against all remaining Defendants[3] under Fed. R. Civ. P. 55(a) and set a deadline of August 21, 2023, to move for entry of default judgment[4] and a deadline of August 28, 2023, for any Defendants to respond to the motion. *See* [August 14,

---

[2] The TRO authorized Plaintiff to serve Defendants pursuant to Fed. R. Civ. P. 4(f)(3) via e-mail to Defendant's email addresses.

[3] Defendant No. 133 was dismissed from the lawsuit. *See* [May 4, 2023, Dismissal, ECF No. 37]. All remaining Defendants failed to answer or otherwise plead.

[4] Dyson previously moved for entry of default and default judgment on March 9, 2023, but filed a renewed motion for entry of default judgment pursuant to the District Court's order entering default under Fed. R. Civ. P. 55(a). *See* [March 9, 2023, Default Motion, ECF No. 34; August 14, 2023 Order, ECF No. 44, August 21, 2023 Default Motion, ECF No. 46].

2023, Order, ECF No. 44]. Dyson filed its Motion for Entry of Default Judgment on August 21, 2023. [August 21, 2023, Default Motion, ECF No. 46].

In its Motion for Entry of Default Judgment, Dyson requested a profits award as to certain Defendants[5] pursuant to 15 U.S.C. § 1117(a) and provided evidence of counterfeit product sales for each of those Defendants. *See* [Memorandum in Support of Default, ECF No. 48; Decl. of Justin R. Gaudio ¶¶ 3-5, ECF No. 48]. Plaintiff obtained revenue information for counterfeit sales for each Defendant from the e-commerce platforms Amazon.com, Inc. ("Amazon") and eBay, Inc. ("eBay"). [Decl. of Justin R. Gaudio, ECF No. 48]. No Defendant appeared or provided evidence to rebut Dyson's evidence of counterfeit product revenue, or otherwise provided evidence to apportion any of Defendants' costs or deductions. [Memorandum in Support of Default, ECF No. 47; Decl. of Justin R. Gaudio, ECF No. 48; August 29, 2023 Order, ECF No. 50]. Dyson's Motion explained that in the absence of proof of deduction or costs, an award of profits or revenue is proper under 15 U.S.C. § 1117(a). *See* [Memorandum in Support of Default, ECF No. 48].

After Defendants failed to respond to the Motion for Entry of Default Judgment, the District Court entered a Permanent Injunction Order and Final Judgment Order on August 29, 2023. *See* [Final Judgment Order, ECF No. 51; Permanent Injunction Order, ECF No. 52]. The District Court accepted the

---

[5] Defendant Nos. 15, 17, 18, 20, 22, 23, 25, 27, 29, 30, 31, 32, 34, 35, 36, 38, 39, 40, 41, 43, 45, 46, 47, 49, 50, 51, 53, 54, 55, 58, 59, 61, 62, 65, 66, 67, 68, 72, 73, 75, 76, 77, 81, 82, 83, 84, 88, 92, 93, 94, 98, 103, 105, 110, 111, 116, 121, 124, and 126 identified in Schedule A to the Complaint. [Schedule A to Complaint, ECF No. 2].

evidence of revenue that Plaintiff offered.  [Final Judgment Order, ECF No. 51 at ¶ 2].  However, the District Court did not award profits[6] and provided the following explanation in the Final Judgment Order:

> The Court declines the request to award profits because Plaintiff offered evidence of revenue, not profits. Revenue and profits are not the same thing. The Court declines the invitation to assume that all of the revenue equals profits.

[Final Judgment Order, ECF No. 51 at ¶ 2].  On September 28, 2023, Dyson filed its Notice of Appeal of the District Court's Final Judgment Order.  [Notice of Appeal, ECF No. 53].

## SUMMARY OF ARGUMENT

The District Court erred in its interpretation of 15 U.S.C. § 1117(a) when it declined to award profits where Plaintiff-Appellant provided evidence of Defendants' gross revenue from the sale of counterfeit Dyson products and Defendants failed to rebut that evidence.  Section 1117(a) requires the trademark holder "to prove defendant's sales only," and then requires the infringer to offer evidence of costs or other deductions.  *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008).  If the infringer fails to carry that burden, the trademark holder is entitled to the infringer's gross sales.  *Id.*  Although the District Court accepted Dyson's evidence of gross revenue associated with the sale of counterfeit Dyson products and Defendants failed to offer evidence of costs or deductions, the District Court declined to award Defendants' profits (*i.e.,*

---

[6] For the other Defendants, the District Court awarded the minimum amount of available statutory damages of $1,000 under 15 U.S.C. § 1117(c)(2).  *See* [Final Judgment Order, ECF No. 51].

Defendants' gross revenue) to Dyson. This conclusion is contrary to section 1117(a) and precedent from this Court and should be reversed.

## ARGUMENT

### I.  Standard of Review

The issue presented is whether the District Court erred in its interpretation of 15 U.S.C. § 1117(a) when it declined to award Defendants' profits to Dyson. This Court reviews a district court's interpretation of a statute *de novo*. *Boyd v. Ill. State Police*, 384 F.3d 888, 897 (7th Cir. 2004).

### II.  District Court Erred in Declining to Award Defendants' Profits Pursuant to 15 U.S.C. § 1117(a)

Where a violation under Section 1125(a) has been established, 15 U.S.C. § 1117(a) provides that: "the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). This Circuit has recognized that an award of damages pursuant to § 1117(a) is intended to provide a deterrence by making infringement unprofitable. *See, e.g., Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 941 (7th Cir. 1989), cert. denied, 493 U.S. 1075 (1990); *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 588 (7th Cir. 1989); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

Further, section 1117(a) provides that: "[i]n assessing profits the plaintiff shall be required to *prove defendant's sales only*; defendant must prove all elements of cost or deduction claimed." *Id.* (emphasis added). In drafting section 1117(a),

Congress created a burden-shifting framework, ostensibly to deter counterfeiting and misuse of trademarks. "It is enough that the plaintiff proves the infringer's sales. The burden then shifts to the defendant, which must prove its expenses and other deductions from gross sales." *WMS Gaming Inc.*, 542 F.3d at 608 (*quoting Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206–07, (1942)); *see also 4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 911-912 (7th Cir. 2019); *TY Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003). Therefore, "when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales." *WMS Gaming, Inc.*, 542 F.3d at 609.

Dyson moved for entry of default judgment, which included a request for an award of profits under 15 U.S.C. § 1117(a) as to certain Defendants.[7] [ECF Nos. 46, 47]. In support of its motion, Dyson offered evidence of each Defendants' gross revenue from the sale of counterfeit Dyson products provided by marketplace platforms Amazon and eBay. [Decl. of Justin R. Gaudio ¶¶ 3-5, ECF No. 48]. The District Court accepted and acknowledged the sufficiency of Dyson's evidence of Defendants' counterfeit sales. *See* [Final Judgment Order, ECF No. 51 at ¶ 2].

Despite the evidence offered by Dyson that was unrebutted by Defendants, the District Court declined to award the Defendant's sales revenue under Section 1117(a), reasoning that "Plaintiff offered evidence of revenue, not profits." The

---

[7] *See supra*, footnote 5.

District Court stated that "[r]evenue and profits are not the same thing. The Court declines the invitation to assume that all of the revenue equals profits." [Final Judgment Order, ECF No. 51 at ¶ 2]. The District Court did not make any reference to the requested award of profits being excessive or that it used its discretion in declining to award profits under 15 U.S.C. §1117(a).[8] [Final Judgment Order, ECF No. 51 at ¶ 2].

As Section 1117(a) states, and as this Circuit has long recognized, once Dyson provided evidence establishing Defendants' revenue from sales of counterfeit products, the burden shifted to Defendants to come forward with evidence and argument as to why any revenue from their sales should be deducted when determining a damages award. 15 U.S.C. §1117(a); *WMS Gaming Inc.*, 542 F.3d at 608; *4SEMO.com Inc.*, 939 F.3d at 911-912; *TY Inc.*, 353 F.3d at 536. Defendants, counterfeiters who had defaulted, did not make such argument or introduce any evidence of costs or deductions. In the absence of evidence of costs or deductions, the Court must rely on the evidence of revenue, regardless of the "windfall to the trade-mark owner." *WMS Gaming, Inc.*, 542 F.3d 601 at 608 (quoting *Mishawaka*, 316 U.S. at 206-07). Defendants utilized Dyson's trademarks to sell counterfeit goods, and, in the absence of proof of costs, revenues are the amount Congress determined that infringers should pay. *Id.*

---

[8] "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. §1117(a). The District Court did not adjust or otherwise use its discretion under §1117(a), but declined to award any profits at all.

## CONCLUSION

Accordingly, Plaintiff-Appellant respectfully requests this Court find the District Court erred and remand directing the District Court to award Defendants' profits in the counterfeit revenue amounts offered by Plaintiff-Appellant pursuant to 15 U.S.C. § 1117(a).

**PLAINTIFF-APPELLANT**

By: s/ Justin R. Gaudio
One of Its Attorneys
Justin R. Gaudio
Lawrence J. Crain
Jake M. Christensen
Andrew D. Burnham
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tel: (312) 360.0080
Fax: (312) 360.9315

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE WITH**
**FED. R. APP. P. 32(a)(7)(b), FED. R. APP. P. 32(g), and CIR. R. 32(c)**

The undersigned hereby certifies that the foregoing Brief for Plaintiff-Appellee complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(b). The brief was printed using 12-point Century Schoolbook font, with footnotes in 11-point Century Schoolbook font. The word-processing system used to prepare the document, excluding the Table of Contents, Table of Authorities, and Certificate of Interest, calculates that it contains 2,887 words, including footnotes.

/s/Justin R. Gaudio

**CERTIFICATE OF SERVICE**

The undersigned certifies that on **November 27, 2023**, an electronic copy of the foregoing was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Justin R. Gaudio

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), counsel certifies that all material required by Circuit Rule 30(a) and (b) are included in the Appendix.

/s/Justin R. Gaudio

No. 23-2948

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

DYSON TECHNOLOGY LIMITED,
Plaintiff-Appellant,
v.

DAVID 7 STORE, et al.,
Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Illinois
Case No. 22 CV 5936
The Honorable Judge Steven C. Seeger

---

# SHORT APPENDIX OF PLAINTIFF-APPELLANT
# DYSON TECHNOLOGY LIMITED

---

Justin R. Gaudio
Lawrence J. Crain
Jake M. Christensen
Andrew D. Burnham
GREER, BURNS & CRAIN, LTD.
300 S. Wacker Drive, Suite 2500
Chicago, Illinois 60606
Tel: (312) 360.0080
Fax: (312) 360.9315

*Counsel for Plaintiff-Appellant*
*Dyson Technology Limited*

**ORAL ARGUMENT REQUESTED**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DYSON TECHNOLOGY LIMITED,

           Plaintiff,

v.

DAVID 7 STORE, et al.,

           Defendants.

Case No. 22-cv-05936

Hon. Steven C. Seeger

## **FINAL JUDGMENT ORDER**

      This action having been commenced by Dyson Technology Limited ("Dyson" or "Plaintiff") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified on Schedule A attached hereto (the "Seller Aliases"), which allegedly offer to sell, and do sell, unauthorized, counterfeit and infringing Dyson products on the third-party platforms Aliexpress.com ("AliExpress"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), and Walmart Inc. ("Walmart"), and Plaintiff having moved for entry of Default Judgment against the defendants listed in the attached Schedule A (collectively, the "Defaulting Defendants").

      This Court having entered, upon a showing by Plaintiff, a temporary restraining order against Defaulting Defendants which included an asset restraining order;

      Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

This Court finds, without adversarial presentation, that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products using infringing and counterfeit versions of Dyson's federally registered trademarks (collectively, the "DYSON Trademarks") to residents of Illinois. A list of the DYSON Trademarks is included in the chart below.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 5,125,976 | DYSON | January 17, 2017 | For: Electrical appliances for styling hair, namely, electric hair curling irons; electric hair straightening irons; electric hair crimper, hair cutting scissors, electric hair trimmers, electric irons for styling hair; cases specially adapted for holding or carrying the aforesaid electric hair appliances, parts and fittings for all the aforesaid goods in Class 8. |
| 5,126,070 | DYSON | January 17, 2017 | For: Electric rotary hair brushes; electric hot styling brushes; electric |

2

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | toothbrushes; soap dispensers; hair brushes; parts and fittings for the aforesaid goods in Class 21. |
| 5,126,071 | DYSON | January 17, 2017 | For: Wash hand basins, which are part of sanitary installations; sinks; taps; faucets; water filtering apparatus; water purifying apparatus; water mineralizers in the nature of an apparatus for adding minerals to water; electric kettles; microwave ovens; toasters; electric coffee makers; espresso machines; hair dryers; air conditioning apparatus; air conditioners; air conditioners for vehicles; dispensing units for air fresheners; electric dispensers for air freshener; extractor hoods; air curtains, namely, mounted electric fans used to separate temperature zones with an invisible curtain of air; air washers for purifying and humidifying air; ventilation air-conditioning installations for vehicles; air filters, being parts of household or industrial installations; lighting apparatus, namely, lighting installations; electric lighting fixtures; |

3

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | ceiling lights; desk lights; floor lights; spotlights; uplighters; downlighters; lamps; LED lighting apparatus; lanterns for lighting; reflectors, diffusers and lenses for lights and lamps; light bulbs; LED light bulbs; parts and fittings for the aforesaid goods in Class 11. |
| 5,075,285 | dyson | November 01, 2016 | For: Electrical irons for styling hair; electric hair curling irons; electric hair straightening irons; electric hair crimpers, cutters, straighteners, and trimmers; and cases, parts, and fittings for all the aforesaid goods in Class 8. |
| 5,088,676 | dyson | November 22, 2016 | For: Electric rotary hair brushes; electric hot styling brushes; electric toothbrushes; soap dispensers; hair brushes; parts and fittings for the aforesaid goods in Class 21. |
| 5,668,383 | AIRWRAP | February 5, 2019 | For: Hair styling apparatus, namely, electric irons for styling hair; electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair |

4

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for holding the above mentioned goods; parts for all the aforesaid goods in Class 8.<br><br>For: Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods in Class 11.<br><br>For: Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the |

5

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | aforesaid goods in Class 21. |
| 5,668,384 | DYSON AIRWRAP | February 05, 2019 | For: Hair styling apparatus, namely, electric irons for styling hair; electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for holding the above mentioned goods; parts for all the aforesaid goods in Class 8.<br><br>For: Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods in Class 11. |

6

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | For: Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the aforesaid goods in Class 21. |
| 5,668,385 | dyson airwrap | February 05, 2019 | For: Hair styling apparatus, namely, electric irons for styling hair; electrical appliances for styling hair, namely, electric hand-held hair styling irons; apparatus and devices for curling hair, namely, non-electric hair curling irons; electric hair curling irons; electric hair straightening irons; electric hair crimper; electric apparatus for hair cutting, namely, hair cutting scissors; electric apparatus for hair trimming namely, hair trimmers; heated electric hair curling irons; hair curling tongs; interchangeable styling attachments being parts for all the aforesaid goods; cases, boxes and bags specifically adapted for holding the above mentioned goods; parts for |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | all the aforesaid goods in Class 8.<br><br>For: Electric hair dryers; hair dryers; cases, boxes and bags specially adapted for all the aforesaid goods; parts for the aforesaid goods in Class 11.<br><br>For: Hair brushes; electric hair brushes; electric rotating hair brushes; electric heated hair brushes; hot air hair brushes; combs; large-toothed combs for the hair; electric combs; cases, boxes and bags specially adapted for all the aforesaid goods; parts for all the aforesaid goods in Class 21. |
| 5,215,713 | SUPERSONIC | June 06, 2017 | For: Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair dryers in Class 11. |
| 5,215,714 | DYSON SUPERSONIC | June 06, 2017 | For: Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair |

8

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | dryers in Class 11. |
| 5,348,163 | dyson supersonic | December 05, 2017 | For: Hair dryers; cases specially adapted for hair dryers; accessories for hair dryers, namely, diffusers, smoothing nozzles, and concentrator nozzles; parts and fittings all for hair dryers in Class 11. |
| 6,399,565 | CORRALE | June 29, 2021 | For: Electrical appliances for styling hair, namely, electric hand-held hair styling irons; Electric irons for styling hair; Electrical appliances for curling hair, namely, electric hand-held hair curling irons; Curling irons; Curling tongs; straightening irons, namely, flat irons; Electric hair curling irons; Electric hair straightening irons; Electric hair curlers in the nature of hand implements; Electric hair crimper; Electric hair cutters; Electric hair trimmers; hair styling attachments designed exclusively for use with for all the aforesaid goods; cases, boxes and bags specially adapted for all for the aforesaid goods; parts, fittings and accessories all for the aforesaid goods in Class 8. |

9

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | |
| 6,130,385 | DYSON CORRALE | August 18, 2020 | For: Electrical appliances for styling hair, namely, electric hand-held hair styling irons; Electric irons for styling hair; Electrical appliances for curling hair, namely, electric hand-held hair curling irons; Curling irons; Curling tongs; Straightening irons, namely, flat irons; Electric hair curling irons; Electric hair straightening irons; Electric hair curlers in the nature of hand implements; Electric hair crimper; Electric hair cutters; Electric hair trimmers; hair styling attachments designed exclusively for use with for all the aforesaid goods; cases, boxes and bags specially adapted for all for the aforesaid goods; parts, fittings and accessories all for the aforesaid goods in Class 8. |
| 6,130,386 | dyson corrale | August 18, 2020 | For: Electrical appliances for styling hair, namely, electric hand-held hair styling irons; Electric irons for styling hair; Electrical appliances for curling hair, namely, electric hand-held hair curling irons; Curling irons; Curling tongs; |

10

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| | | | Straightening irons, namely, flat irons; Electric hair curling irons; Electric hair straightening irons; Electric hair curlers in the nature of hand implements; Electric hair crimper; Electric hair cutters; Electric hair trimmers; hair styling attachments designed exclusively for use with for all the aforesaid goods; cases, boxes and bags specially adapted for all for the aforesaid goods; parts, fittings and accessories all for the aforesaid goods in Class 8. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment is GRANTED as provided in this Final Judgment, and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants indicated in the below chart, in the amount of one thousand dollars ($1,000), for willful use of counterfeit DYSON Trademarks in connection with the sale of products through at least the Defaulting Defendants' Online Marketplaces.

11

| Def. No. | Defendant |
|----------|-----------|
| 1 | David 7 Store |
| 2 | Future Beautys Store |
| 3 | LookFun Appliance Store |
| 4 | merati Official Store |
| 5 | SAWPOP Store |
| 6 | Shop1100190007 |
| 7 | Shop1100322004 Store |
| 8 | Shop1102200226 Store |
| 9 | Shop912626204 Store |
| 10 | SYTAYIN Global Store |
| 11 | ZX Home Appliance Store |
| 12 | 2017 |
| 13 | A1EZXTV8I3O74A |
| 14 | A1X2PWVL0MVQ4J |
| 16 | A2PW6E9D9KZ3IT |
| 19 | Annazen |
| 21 | BenKangShangMao |
| 24 | ChouaShop |
| 26 | danzhoujingweishangmaoyouxiangongsi |
| 28 | de wang li lai tong xie jing ying bu |
| 33 | dyscns |
| 37 | dysons-stores |
| 42 | GUOQINQWEN |
| 44 | hengou |
| 48 | huangjiangtao0012 |
| 52 | Jiangkou mingshengao clothing sales store |
| 56 | KUKUMO-US |
| 57 | LClhhybtiick |
| 60 | liyindasd |
| 63 | muheminglkuyghg |
| 64 | nanninghengxiaolinmaoyiyouxiangongsi |
| 69 | Ramantic |
| 70 | Roger Carl |
| 71 | RongCaiYang |
| 74 | SHIJIAMINGDEDIANPU |
| 78 | SporterDirect |
| 79 | suqiongqiongbaihuodian |
| 80 | SXYTKJ |
| 85 | Xiu Ang |
| 86 | xxsyfsmyxgs |
| 87 | yangdandan store |
| 89 | yunnanshapengfuzhuangyouxiangongsi |
| 90 | YuTongRiYong |

12

| 91 | yydsyx |
|---|---|
| 95 | Zonezhi |
| 96 | 22-lianshop |
| 97 | bcastoce-1 |
| 99 | dhw_2388 |
| 100 | difangsshangmao |
| 101 | duoluck |
| 102 | earui-2234 |
| 104 | gen_9328 |
| 106 | hongmei0924 |
| 107 | hxin081 |
| 108 | hxina91 |
| 109 | junn-5986 |
| 112 | licun6 |
| 113 | lixia80 |
| 114 | mi4020_9 |
| 115 | mijaisksk14 |
| 117 | ning02r |
| 118 | pengchurui |
| 119 | robosense-y |
| 120 | sheng85-9 |
| 122 | siao77 |
| 123 | siao87-6 |
| 125 | tdhd86 |
| 127 | uubdmodel |
| 128 | wikimo22 |
| 129 | yinya-winter |
| 130 | zengqingrui3 |
| 131 | zhouyou656 |
| 132 | shen zhen shi li de xin zhi neng you xian gong si |
| 134 | junna_5 |

2.    The Court declines the request to award profits because Plaintiff offered evidence of revenue, not profits.  Revenue and profits are not the same thing.  The Court declines the invitation to assume that all of the revenue equals profits.

3.    Plaintiff may enforce this Final Judgment as provided in the Federal Rules.

This is a Final Judgment.

13

Date:   August 29, 2023

_____

Steven C. Seeger
United States District Judge

14

Dyson Technology Limited v. David 7 Store, et al., Case No. 22-cv-5936

# Schedule A

| No | URL | Name / Seller Alias |
|---|---|---|
| **Defendant Online Marketplaces** | | |

| No | URL | Name / Seller Alias |
|---|---|---|
| 1 | aliexpress.com/store/1102169576 | David 7 Store |
| 2 | aliexpress.com/store/1101716253 | Future Beautys Store |
| 3 | lookfun.aliexpress.com/store/1101961461 | LookFun Appliance Store |
| 4 | aliexpress.com/store/1101704112 | merati Official Store |
| 5 | aliexpress.com/store/1101279185 | SAWPOP Store |
| 6 | aliexpress.com/store/1102008903 | Shop1100190007 |
| 7 | aliexpress.com/store/1100322004 | Shop1100322004 Store |
| 8 | aliexpress.com/store/1102199215 | Shop1102200226 Store |
| 9 | aliexpress.com/store/1101943038 | Shop912626204 Store |
| 10 | aliexpress.com/store/1102037279 | SYTAYIN Global Store |
| 11 | aliexpress.com/store/1100385653 | ZX Home Appliance Store |
| 12 | amazon.com/sp?seller=AJO0TI3BF3IXC | 2017 |
| 13 | amazon.com/sp?seller=A1EZXTV8I3O74A | A1EZXTV8I3O74A |
| 14 | amazon.com/sp?seller=A1X2PWVL0MVQ4J | A1X2PWVL0MVQ4J |
| 15 | amazon.com/sp?seller=A2JHUHHN5A7W2A | A2JHUHHN5A7W2A |
| 16 | amazon.com/sp?seller=A2PW6E9D9KZ3IT | A2PW6E9D9KZ3IT |
| 17 | amazon.com/sp?seller=A2RFVG02LAE3TJ | A2RFVG02LAE3TJ |
| 18 | amazon.com/sp?seller=A1G3TA67059EHF | amz.com- |
| 19 | amazon.com/sp?seller=A4YGRE6YMQJSQ | Annazen |
| 20 | amazon.com/sp?seller=A2XOEWS0H03RI0 | Annonn |
| 21 | amazon.com/sp?seller=AX52IL54VQ4GY | BenKangShangMao |
| 22 | amazon.com/sp?seller=A1GTLX3TKVE7SQ | bigpoweui |
| 23 | amazon.com/sp?seller=A3L7YN80X2AAH9 | booony |
| 24 | amazon.com/sp?seller=A3A6UWRB0TWBW9 | ChouaShop |
| 25 | amazon.com/sp?seller=A1VWTN0JMBS96D | COZYRM |
| 26 | amazon.com/sp?seller=A2K7KJLPTVXO07 | danzhoujingweishangmaoyouxiangongsi |
| 27 | amazon.com/sp?seller=AZBJWP9RTZZ5P | DaYun |
| 28 | amazon.com/sp?seller=AP6R9412XRUS2 | de wang li lai tong xie jing ying bu |
| 29 | amazon.com/sp?seller=A2NJAZXM8TWIC9 | Dhkyuk |
| 30 | amazon.com/sp?seller=AGQEGRAT37NHJ | Dokiy |
| 31 | amazon.com/sp?seller=A2OAV8O2W3OP5O | dorothy good |
| 32 | amazon.com/sp?seller=A39T3ZD8C6EGH2 | DVJDVJ |
| 33 | amazon.com/sp?seller=ACYEEGLQLNICF | dyscns |
| 34 | amazon.com/sp?seller=AMU6XU9M8THE8 | dyson-001 |
| 35 | amazon.com/sp?seller=A3VT2WG06NWB9Y | dyson-brand store |

15

| 36 | amazon.com/sp?seller=A1QRP5XCK06U2J | Dyson-specialty store |
| 37 | amazon.com/sp?seller=A1R32U1RUOQ90C | dysons-stores |
| 38 | amazon.com/sp?seller=ANE4HQVQWMRG8 | ewajgijg777 |
| 39 | amazon.com/sp?seller=A29BO3BPQUQFLK | FOQIANG |
| 40 | amazon.com/sp?seller=A3K2PC4HVOXHBP | FuYangKanCang |
| 41 | amazon.com/sp?seller=A2W60YM2EGBSKK | guangzhouchanjunmaoyiyouxiangongsi1 |
| 42 | amazon.com/sp?seller=A17J25NCGEKE1Q | GUOQINQWEN |
| 43 | amazon.com/sp?seller=A19G26ZHFDMP00 | haokezhijia |
| 44 | amazon.com/sp?seller=A1QIVQNG8H2M15 | hengou |
| 45 | amazon.com/sp?seller=A3S1JA2F6GSFMR | HHUI US |
| 46 | amazon.com/sp?seller=A1BTNKOBDHQBPB | HKYLINC |
| 47 | amazon.com/sp?seller=ATKH18XH0SKDV | HllgkyyUS |
| 48 | amazon.com/sp?seller=A1861VJ9M330PT | huangjiangtao0012 |
| 49 | amazon.com/sp?seller=A2AB8G78ZWXIIZ | Huangxue |
| 50 | amazon.com/sp?seller=A3AFO4EOAVIUZH | huangyanbeias |
| 51 | amazon.com/sp?seller=A1IHSLNRDA17WJ | HZM NDY |
| 52 | amazon.com/sp?seller=A1DFALY8JPIBAL | Jiangkou mingshengao clothing sales store |
| 53 | amazon.com/sp?seller=AATME8B1Q0MVG | Jiangquan |
| 54 | amazon.com/sp?seller=A33KZZMVA9HAR7 | JING-SHOP |
| 55 | amazon.com/sp?seller=A1EVD99MKZ3GH3 | Jony JJ |
| 56 | amazon.com/sp?seller=A1K738GWQSLAW6 | KUKUMO-US |
| 57 | amazon.com/sp?seller=A3188N1H3B09VV | LClhhybtiick |
| 58 | amazon.com/sp?seller=A2GWH5BNMHISKO | liheyuan123456 |
| 59 | amazon.com/sp?seller=A2PN37WTWRC3T1 | Lihuiling |
| 60 | amazon.com/sp?seller=AC1440XQD4YLR | liyindasd |
| 61 | amazon.com/sp?seller=A327GUMK15KSXB | LXFZMDFactory Direct |
| 62 | amazon.com/sp?seller=A3BGNPJR6TUK53 | Magic Secret Service |
| 63 | amazon.com/sp?seller=A1H6H4OJY0VZA8 | muheminglkuyghg |
| 64 | amazon.com/sp?seller=A2RQF96UVTX2CX | nanninghengxiaolinmaoyiyouxiangongsi |
| 65 | amazon.com/sp?seller=A2Z56WXD2STFQH | nanningshijiandianzishangwuyouxiangongsi |
| 66 | amazon.com/sp?seller=A3UBU9M5TTELZ7 | nanningyangkangdianzishangwuyouxiangongsi |
| 67 | amazon.com/sp?seller=A2QBE9GQUYD1DO | PNEGQIN-us |
| 68 | amazon.com/sp?seller=A2QSXYGBCXXTBW | Princesseey |
| 69 | amazon.com/sp?seller=A19U7RWX3OQZ3L | Ramantic |
| 70 | amazon.com/sp?seller=A6LLCZXTOGDKQ | Roger Carl |
| 71 | amazon.com/sp?seller=A1T0RMEG4NFC4N | RongCaiYang |
| 72 | amazon.com/sp?seller=A2EALDSHA6QJTV | Sadaaga Store |
| 73 | amazon.com/sp?seller=A21I1ZHBWMR8NP | Samexy Store-US |
| 74 | amazon.com/sp?seller=A2F90R6X9D6N13 | SHIJIAMINGDEDIANPU |
| 75 | amazon.com/sp?seller=A1XP8MNX223EU5 | SHIRUYI |
| 76 | amazon.com/sp?seller=A31BLXPNWY33O | sisalx-store |
| 77 | amazon.com/sp?seller=A3H9IGD1KYYFVZ | SMART word |
| 78 | amazon.com/sp?seller=A2UPGEKZB7TKR5 | SporterDirect |

| 79 | amazon.com/sp?seller=AU213IBZUS7LL | suqiongqiongbaihuodian |
|---|---|---|
| 80 | amazon.com/sp?seller=A2VZELTJBMQF3V | SXYTKJ |
| 81 | amazon.com/sp?seller=AGUOANL7OE4OK | TIANTONGL |
| 82 | amazon.com/sp?seller=A1YMK6HRXXVISX | Wang Nuo |
| 83 | amazon.com/sp?seller=A1OZ2BZC5ZEHPD | WanPinMaoYi |
| 84 | amazon.com/sp?seller=A1TIHAB9K4DTHX | WOO-WIN |
| 85 | amazon.com/sp?seller=A22WY1GFFRHI4K | Xiu Ang |
| 86 | amazon.com/sp?seller=AIHJM78HN38J1 | xxsyfsmyxgs |
| 87 | amazon.com/sp?seller=A1J51P31DOFYNO | yangdandan store |
| 88 | amazon.com/sp?seller=A1BGXCK6MUW2RW | yuanjishangmaogongsi |
| 89 | amazon.com/sp?seller=A27BBDGU5F47SW | yunnanshapengfuzhuangyouxiangongsi |
| 90 | amazon.com/sp?seller=A18J0AIBE3HH12 | YuTongRiYong |
| 91 | amazon.com/sp?seller=A218IOJO2JWESI | yydsyx |
| 92 | amazon.com/sp?seller=A2D8V5QKQW3FBW | ZangQiong |
| 93 | amazon.com/sp?seller=A1N1QOJJMT55O7 | Zhuhongyu |
| 94 | amazon.com/sp?seller=A2YPJXBWLV63V3 | Zipeng |
| 95 | amazon.com/sp?seller=A6NHH51HS02PU | Zonezhi |
| 96 | ebay.com/usr/22-lianshop | 22-lianshop |
| 97 | ebay.com/usr/bcastoce-1 | bcastoce-1 |
| 98 | ebay.com/usr/chedy904 | chedy904 |
| 99 | ebay.com/usr/dhw_2388 | dhw_2388 |
| 100 | ebay.com/usr/difangsshangmao | difangsshangmao |
| 101 | ebay.com/usr/duoluck | duoluck |
| 102 | ebay.com/usr/earui-2234 | earui-2234 |
| 103 | ebay.com/usr/epossa-1 | epossa-1 |
| 104 | ebay.com/usr/gen_9328 | gen_9328 |
| 105 | ebay.com/usr/goky91 | goky91 |
| 106 | ebay.com/usr/hongmei0924 | hongmei0924 |
| 107 | ebay.com/usr/hxin081 | hxin081 |
| 108 | ebay.com/usr/hxina91 | hxina91 |
| 109 | ebay.com/usr/junn-5986 | junn-5986 |
| 110 | ebay.com/usr/junn8577 | junn8577 |
| 111 | ebay.com/usr/kicyee | kicyee |
| 112 | ebay.com/usr/licun6 | licun6 |
| 113 | ebay.com/usr/lixia80 | lixia80 |
| 114 | ebay.com/usr/mi4020_9 | mi4020_9 |
| 115 | ebay.com/usr/mijaisksk14 | mijaisksk14 |
| 116 | ebay.com/usr/nana_6036 | nana_6036 |
| 117 | ebay.com/usr/ning02r | ning02r |
| 118 | ebay.com/usr/pengchurui | pengchurui |
| 119 | ebay.com/usr/robosense-y | robosense-y |
| 120 | ebay.com/usr/sheng85-9 | sheng85-9 |
| 121 | ebay.com/usr/siao-0915 | siao-0915 |

17

| 122 | ebay.com/usr/siao77 | siao77 |
|-----|---------------------|--------|
| 123 | ebay.com/usr/siao87-6 | siao87-6 |
| 124 | ebay.com/usr/swauk-2022 | swauk-2022 |
| 125 | ebay.com/usr/tdhd86 | tdhd86 |
| 126 | ebay.com/usr/tianronghua5 | tianronghua5 |
| 127 | ebay.com/str/uubdmodel | uubdmodel |
| 128 | ebay.com/usr/wikimo22 | wikimo22 |
| 129 | ebay.com/usr/yinya-winter | yinya-winter |
| 130 | ebay.com/usr/zengqingrui3 | zengqingrui3 |
| 131 | ebay.com/usr/zhouyou656 | zhouyou656 |
| 132 | walmart.com/seller/101189642 | shen zhen shi li de xin zhi neng you xian gong si |
| 133 | DISMISSED | DISMISSED |
| 134 | ebay.com/usr/junna_5 | junna_5 |

18